# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ERIK FELLOWS,<br><br>              Plaintiff,<br>     v.<br><br>KYLEAH LAUREN YATES,<br><br>              Defendant. | Case No. 3:21-cv-000126-SLG |

## ORDER RE MOTION TO DISMISS
## AND MOTION FOR A SPEEDY HEARING

Before the Court at Docket 12 is Defendant Kyleah Lauren Yates' Motion to Dismiss. Plaintiff Erik Fellows responded in opposition at Docket 14, to which Yates replied at Docket 16. Also before the Court at Docket 6 is Fellows' Motion for a Speedy Hearing. Yates responded in opposition at Docket 13, to which Fellows replied at Docket 15. Oral argument was not requested and was not necessary to the Court's decision.

## FACTUAL & PROCEDURAL BACKGROUND

Yates, a seaman, was allegedly injured on November 14, 2019, while working on the F/V SPARTAN, a vessel owned by Fellows.[1] Yates has received maintenance and cure from Fellows.[2]

---

[1] Docket 12 at 1–2 (MTD); Docket 14 at 1 (Opp.).

[2] Docket 12-1 at 6, ¶ 8 (State Court Compl.); Docket 14 at 2 (Opp.). Maintenance payments were suspended for a three-month period in mid-2020 but otherwise have been continually paid. Docket 14 at 2 n.2, 6 (Opp.) (filed Aug. 5, 2021). *Cf.* Docket 6 at 2 (Mot. for Speedy Hr'g) ("The $50 daily stipend continues as of this date [July 16, 2021]."). "Under the general maritime law, a

Fellows initiated this action in federal court on May 21, 2021.[3] Pursuant to 28 U.S.C. § 2201, Fellows seeks a declaratory judgment to determine Yates' claimed entitlement to maintenance and cure stemming from the alleged injury aboard the F/V SPARTAN.[4] Fellows filed the instant motion for a speedy hearing pursuant to Federal Rule of Civil Procedure 57 on July 16, 2021.[5]

On or about July 23, 2021, Yates filed a seaman's complaint for maintenance and cure, as well as a Jones Act claim and an unseaworthiness claim, in the state Superior Court at Kodiak.[6] Yates filed the instant motion to dismiss Fellows' federal action on July 30, 2021.[7]

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1), which grants it original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction."

---

seaman who falls ill or becomes injured while in the service of a ship is entitled to maintenance and cure by his employer. This right includes (1) maintenance—a living allowance for food and lodging to the ill seaman; [and] (2) cure—reimbursement for medical expenses[.]" *Lipscomb v. Foss Mar. Co.*, 83 F.3d 1106, 1109 (9th Cir. 1996) (internal quotation marks omitted).

[3] *See* Docket 1 (Compl.).

[4] Docket 1 at 2, ¶ 4 (Compl.). Yates answered the complaint on June 25, 2021. *See* Docket 4.

[5] *See* Docket 6 (Mot. for Speedy Hr'g).

[6] *See generally* Docket 12-1 (State Court Compl.).

[7] Docket 12 (MTD).

Case No. 3:21-cv-000126-SLG, *Fellows v. Yates*
Order re Motion to Dismiss and Motion for a Speedy Hearing
Page 2 of 8
Case 3:21-cv-00126-SLG   Document 18   Filed 08/31/21   Page 2 of 8

## DISCUSSION

The parties dispute whether the maintenance and cure claim should proceed in federal or state court. Fellows asserts that the maintenance and cure claim should be heard in federal court, with the Jones Act and unseaworthiness claims proceeding in state court.[8] Yates seeks to dismiss this action and have all of her claims heard by a jury in state court.[9]

As an initial matter, Fellows asserts that Yates expressly agreed in her crewmember contract to the adjudication of her claims in this forum.[10] To the extent that Fellows is asserting that this district court is the only proper forum to determine maintenance and cure, that assertion is without merit. The forum selection clause of the crewmember contract clearly states that that "[a]ny claim or lawsuit by crewmember [Yates] shall be brought in Alaska State Court in Kodiak or in the United States D[i]strict Court for the District of Alaska."[11] Accordingly, both parties expressly agreed to adjudicate their claims in either forum.

The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'"[12] In determining whether to exercise its

---

[8] *See generally* Docket 14 (Opp.).

[9] *See generally* Docket 12 (MTD); Docket 16 (Reply).

[10] Docket 14 at 4 (Opp.).

[11] Docket 16-2 at 9 (Crewmember Contract).

[12] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v.*

Case No. 3:21-cv-000126-SLG, *Fellows v. Yates*
Order re Motion to Dismiss and Motion for a Speedy Hearing
Page 3 of 8
Case 3:21-cv-00126-SLG   Document 18   Filed 08/31/21   Page 3 of 8

discretion, a district court may consider the three factors identified by the Supreme Court in *Brillhart*[13] and other factors identified by the Ninth Circuit in *Dizol*.[14] The Court addresses these factors in turn.

### 1. Avoiding Needless Determination of State Law Issues

There are no state law issues to determine here because Fellows' entitlement to maintenance and cure is governed by federal admiralty law.[15] Accordingly, this factor weighs in favor of the Court maintaining the declaratory action.

---

*Wycoff Co.*, 344 U.S. 237, 241 (1952)); *see id*. at 286 ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."); 28 U.S.C. § 2201(a) ("any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration" (emphasis added)); *see also R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (noting that the Ninth Circuit has "allowed district courts broad discretion [to abstain from exercising jurisdiction] as long as it furthers the Declaratory Judgment Act's purpose of enhancing 'judicial economy and cooperative federalism.'" (quoting *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1224 (9th Cir. 1998))).

[13] *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494–95 (1942); *see Dizol*, 133 F.3d at 1225 ("The *Brillhart* factors remain the philosophic touchstone for the district court. The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation."); *see also Wilton*, 515 U.S. at 286–90.

[14] *Dizol*, 133 F.3d at 1225 n.5.

[15] *See Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 245 (1942) ("It must be remembered that the state courts have concurrent jurisdiction with the federal courts to try . . . in personam [actions] such as maintenance and cure. The source of the governing law applied is in the national, not the state, governments." (footnote omitted)); *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 17 (1963) ("maintenance and cure [is a] traditional admiralty remedy[]").

Case No. 3:21-cv-000126-SLG, *Fellows v. Yates*
Order re Motion to Dismiss and Motion for a Speedy Hearing
Page 4 of 8
Case 3:21-cv-00126-SLG   Document 18   Filed 08/31/21   Page 4 of 8

### 2. Discouraging Forum Shopping

Fellows paid maintenance and cure for most of the time period from Yates' injury to the filing of this action for declaratory relief in federal court. And Yates filed the state court action and moved to dismiss in this forum relatively quickly—just over one month after filing her answer to Fellows' complaint.[16] And, most importantly, the forum selection clause provides for litigation in either forum. Accordingly, this factor does not weigh for or against the Court maintaining the declaratory action.

### 3. Avoiding Duplicative Litigation

In state court, Yates filed claims for Jones Act negligence, unseaworthiness, and maintenance and cure.[17] Here, Fellows seeks declaratory judgment only as to maintenance and cure.[18] The maintenance and cure claim for declaratory relief in federal court is therefore duplicative to the state law maintenance and cure claim. Additionally, whether Fellows acted negligently or if the F/V SPARTAN was unseaworthy may inform the nature and extent of the injury suffered by Yates, which in turn implicates maintenance and cure. Accordingly, this factor weighs heavily against the Court maintaining the declaratory action.

---

[16] *Compare* Docket 4 (Answer) (June 25, 2021) *with* Docket 12-1 (State Court Compl.) (on or about July 23, 2021) *and* Docket 12 (MTD) (July 30, 2021).

[17] Docket 12-1 at 4–6, ¶¶ 6–9 (State Court Compl.).

[18] Docket 1 at 4–5, § IV. Prayer for Relief (Compl.).

Case No. 3:21-cv-000126-SLG, *Fellows v. Yates*
Order re Motion to Dismiss and Motion for a Speedy Hearing
Page 5 of 8
Case 3:21-cv-00126-SLG   Document 18   Filed 08/31/21   Page 5 of 8

### 4. *Dizol* Factors

The Ninth Circuit has identified other factors that a district court may consider, including

> [w]hether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems.[19]

Here, the declaratory action will only settle the issue of maintenance and cure. The declaratory action will be no more useful in clarifying the parties' legal relationship in that regard than a jury verdict in state court. The declaratory action may have been sought to prevent Yates from presenting her maintenance and cure claim to a jury. And yet Fellows filed this action before Yates filed suit in state court and only after paying maintenance and cure for most of the time period since Yates' injury.

As to the question of whether the declaratory action will result in unnecessary entanglement between the federal and state court systems, the Court finds Yates' arguments persuasive. Relying on the "Savings to Suitors" clause, 28 U.S.C. § 1333, which allows seamen to bring Jones Act claims in state court, and *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16 (1963), where the Supreme Court held

---

[19] *Dizol*, 133 F.3d at 1225 n.5 ("In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.") (internal quotation marks omitted).

Case No. 3:21-cv-000126-SLG, *Fellows v. Yates*
Order re Motion to Dismiss and Motion for a Speedy Hearing
Page 6 of 8
Case 3:21-cv-00126-SLG   Document 18   Filed 08/31/21   Page 6 of 8

that seamen are entitled to a jury trial on maintenance and cure claims when those claims are brought with Jones Act and unseaworthiness claims, Yates asserts that she is entitled to a trial by jury in state court on all her claims.[20] Fellows responds that in federal court, "Yates does not have a fundamental right to a jury trial on her maintenance and cure claim, because . . . it is an admiralty/maritime claim."[21] This is because "[i]n admiralty cases, . . . the Seventh Amendment neither requires jury trials nor forbids them."[22] But Fellows adds, "regardless, if the Court so chooses, it may empanel a jury to hear the claims, including an 'advisory jury.'"[23]

While *Fitzgerald* did not address state and federal court entanglement, the Supreme Court's reasoning strongly counsels in favor of entitlement to a jury trial on all of Yates' claims, including maintenance and cure, especially in light of the congressional intent behind the Savings to Suitors clause, which "embodies a presumption in favor of jury trials and common law remedies in the forum of the claimant's choice."[24] And while a jury, including an advisory jury, could be

---

[20] *See, e.g.*, Docket 12 at 3 (MTD); Docket 16 at 3–4 (Reply).

[21] Docket 14 at 13 (Opp.) (citing *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 616 (5th Cir. 1985)).

[22] *Ghotra by Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1056 (9th Cir. 1997) (citing *Fitzgerald*, 374 U.S. at 20).

[23] Docket 14 at 13 (Opp.) (citing Fed. R. Civ. P. 39(c)).

[24] *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996); *see Royal Caribbean Cruises, Ltd. v. Whitfield*, 664 F. Supp. 2d 1270, 1277 (S.D. Fla. 2009) ("In a case where a district court conducts a bench trial in a declaratory action concerning maintenance and cure while a state court Jones Act case is pending, the Saving to Suitors Clause is undermined to the extent that the court's findings are res judicata to the state court case. This is because the seaman would be deprived of a jury on such findings, thus raising the concern that he will be

Case No. 3:21-cv-000126-SLG, *Fellows v. Yates*
Order re Motion to Dismiss and Motion for a Speedy Hearing
Page 7 of 8
Case 3:21-cv-00126-SLG   Document 18   Filed 08/31/21   Page 7 of 8

empaneled in this forum to hear the maintenance and cure claim, the Court sees little purpose in doing so.  Yates already has a right to trial by jury in state court on all her claims, and two sets of juries deciding closely related issues regarding the same underlying facts could produce conflicting results.  Accordingly, the Savings to Suitors clause and *Fitzgerald* strongly counsel in favor of a jury trial in state court on all of Yates' claims, thereby eliminating any risk of entanglement between the federal and state court systems.

In conclusion, the *Brillhart* and *Dizol* factors weigh against the Court exercising its discretion to preside over Fellows' declaratory judgment action.

## CONCLUSION

In light of the foregoing, IT IS HEREBY ORDERED that Defendant Kyleah Lauren Yates' Motion to Dismiss at Docket 12 is GRANTED.  IT IS FURTHER ORDERED that the Complaint for Declaratory Relief at Docket 1 is DISMISSED without prejudice.  IT IS FURTHER ORDERED that Plaintiff Erik Fellows' Motion for a Speedy Hearing at Docket 6 is DENIED as moot.

The Clerk of Court is directed to enter a final judgment accordingly.

Dated this 31st day of August, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

deprived of his saving to suitors rights after he has exercised those rights by filing an action in state court."); *see also Fitzgerald*, 374 U.S. at 21 ("Only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments.").

Case No.  3:21-cv-000126-SLG, *Fellows v. Yates*
Order re Motion to Dismiss and Motion for a Speedy Hearing
Page 8 of 8
Case 3:21-cv-00126-SLG   Document 18   Filed 08/31/21   Page 8 of 8